CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2013

JULIA␣DOOLEY CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:10CR00080 |
| | ) | Civil Action No. 7:12CV80474 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GEORGE THEODORE FITZGERALD, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

George Theodore Fitzgerald, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss to which Fitzgerald has responded, making the matter ripe for disposition. For the reasons that follow, the government's motion to dismiss will be granted and Fitzgerald's motion to vacate will be denied.

## Background

Fitzgerald was a member of a criminal organization known as the "Goonz," which regularly committed robberies and other crimes in the Roanoke area. Fitzgerald was a leader of the organization, and, in that role, was primarily responsible for planning the robberies and determining which members of the Goonz would participate. Although drug traffickers were the organization's primary targets, the Goonz targeted non-drug traffickers on more than one occasion, who were suspected to have large amounts of money in their residences.

On December 13, 2010, Fitzgerald was named in a two-count criminal information, which charged him with conspiring to commit racketeering, in violation of 18 U.S.C. § 1962(d); and with using, carrying, and discharging a firearm in furtherance of a crime of violence, in

violation of 18 U.S.C. § 924(c). Fitzgerald waived indictment and subsequently entered pleas of guilty to both counts of the information, pursuant to a written plea agreement.

The court conducted Fitzgerald's sentencing hearing on July 15, 2011. During the hearing, the court adopted the presentence report prepared by the United States Probation Office, and determined that Fitzgerald possessed a total offense of level of 35 and criminal history category of IV. Those calculations gave rise to an advisory guideline range of imprisonment of 235 to 240 months for the conspiracy offense charged in Count One of the information. Fitzgerald was also subject to a mandatory, consecutive term of imprisonment of at least ten years for the firearm offense charged in Count Two. See 18 U.S.C. § 924(c)(1)(A)(iii). The court granted a substantial assistance motion filed by the government, and ultimately sentenced the defendant to a total term of imprisonment of 276 months.

On July 13, 2012, Fitzgerald executed the instant motion to vacate under 28 U.S.C. § 2255, asserting claims of ineffective assistance of counsel. The government has moved to dismiss the motion, arguing that each of the asserted claims is without merit. The defendant filed a response to the motion on December 17, 2012. The matter is now ripe for review.

### Discussion

Fitzgerald's claims of ineffective assistance can be divided into two groups. In the first group of claims, Fitzgerald alleges that his attorney provided ineffective assistance by failing to object to the assessment of criminal history points for four prior offenses. In the second group, Fitzgerald alleges that his attorney provided ineffective assistance by failing to advise him of the possible application of a two-level leadership role enhancement, and by failing to object to the

2

enhancement at sentencing. For the following reasons, the court concludes that both groups of claims are without merit.

Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed on such a claim, a defendant must show: (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. With respect to the second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

### I. Criminal History Points

In his first group of claims, Fitzgerald contends that his counsel was ineffective in failing to object to the assessment of criminal history points for the following prior offenses: (1) his 2000 conviction for possession of marijuana; (2) his 2001 charge for assault and battery; (3) his 1998 conviction for discharging a firearm in a public place; and (4) his 1998 conviction for assault and battery.

#### A. Possession of Marijuana

On June 16, 2000, Fitzgerald was convicted of possession of marijuana in the General District Court for the City of Roanoke and fined $75.00. Pursuant to § 4A1.1(c) of the Sentencing Guidelines, Fitzgerald received one criminal history point for this conviction. Fitzgerald now claims that the offense of possessing marijuana was a violation of a local ordinance, and that counsel was ineffective in failing to argue that it should have been excluded

3

from his criminal history calculation pursuant to § 4A1.2(c)(2). For the following reasons, the court concludes that this claim is without merit.

Section 4A1.2(c)(2) of the Sentencing Guidelines provides for the exclusion of "local ordinance violations" from a defendant's criminal history calculation only when such violations are not also criminal offenses under state law. See U.S.S.G. § 4A1.2(c)(2) ("Sentences for the following prior offenses . . . are never counted: . . . Local ordinance violations (except those violations that are also violations under state criminal law.")). In Virginia, possession of marijuana is a violation of state criminal law. See Va. Code § 18.2-250.1. Accordingly, even assuming that Fitzgerald was convicted under a local ordinance, such conviction was not subject to exclusion under § 4A1.2(c)(2). Because there was no reasonable ground to object to the assessment of one criminal history point for this prior conviction, Fitzgerald is unable to establish that his counsel's performance was deficient or prejudicial under Strickland.

### B. Assault and Battery

Fitzgerald next contends that counsel was ineffective in failing to object to the assessment of one criminal history point for his 2001 charge for assault and battery. The presentence report reveals that Fitzgerald was charged with assault and battery in the Juvenile and Domestic Relations Court for the City of Roanoke on June 29, 2001. On August 30, 2001, the Court found that the evidence was sufficient to convict Fitzgerald, and took the case under advisement for six months. The charge was dismissed on March 1, 2002.

Upon review of the record and applicable law, the court concludes that the contested state charge was properly counted in calculating Fitzgerald's criminal history score and, thus, that

counsel was not ineffective in failing to object to this portion of the presentence report. Section 4A1.2(f) of the Sentencing Guidelines provides that "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." As the application notes explain, § 4A1.2(f) "requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court." U.S.S.G. § 4A1.2, app. n. 9 (emphasis added).

In this case, Fitzgerald's diversionary disposition in Juvenile and Domestic Relations Court occurred when Fitzgerald was charged as a 23-year-old adult with the assault and battery of Kamesha Motley, with whom he had a young child. Thus, his appearance in Juvenile and Domestic Relations Court was in a domestic relations matter under the Court's jurisdiction over adults charged with an offense in which the victim was another family or household member. See Va. Code § 16.1-241. He did not appear in Juvenile and Domestic Relations Court in a juvenile matter under the Court's jurisdiction over cases in which a juvenile is alleged to have committed a criminal offense. See Id. In short, because the defendant's diversionary disposition was from a "combination court with jurisdiction to hear both domestic relations matters and juvenile matters," the court concludes that § 4A1.2(f) did not prohibit the inclusion of the diversionary disposition in the defendant's criminal history calculation. See United States v. Thorpe, 287 F. Supp. 2d 646, 651 (E.D. Va. 2003) (holding that § 4A1.2(f) did not bar consideration of the defendant's "diversion from Juvenile and Domestic Relations Court when [d]efendant was charged as an adult with assault and battery of a family member"). Accordingly, Fitzgerald is unable to establish that counsel's failure to object to the assessment of

one criminal history point for this prior charge was objectively unreasonable or prejudicial under Strickland.[1]

C. **Discharge of a Firearm**

Fitzgerald next claims that counsel was ineffective in failing to object to the assessment of one criminal history point for his 1998 conviction for discharging a firearm in a public place. Fitzgerald contends that the conviction should have been excluded from the calculation of his criminal history score because he received a term of imprisonment of less than thirty days. He also claims that the conviction should have been excluded from the calculation since it occurred more than ten years prior to the instant offenses. For the following reasons, both arguments are without merit.

Fitzgerald was assessed one criminal history point for this prior conviction, pursuant to § 4A1.1(c) of the Sentencing Guidelines. Contrary to Fitzgerald's first argument, § 4A1.1(c) is not limited to sentences of thirty days or more. See U.S.S.G. § 4A1.1(c) ("Add 1 point for each prior sentence not counted in (a) or (b) . . . ."). The term "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a). Thus, unlike subsections (a) and (b) of § 4A1.1, subsection (c) does not require that a prior sentence include any period of incarceration, much less a term of thirty days or more. See United States v.

---

[1] The court notes that, even if this diversionary disposition had been excluded from Fitzgerald's criminal history calculation, the same sentencing range would have applied in his case. He would have received eight criminal history points instead of nine, which would have left him in the same criminal history category of IV.

6

Golden, 669 F.3d 901, 903 (8th Cir. 2012) (holding that the defendant was correctly assessed one criminal history point under § 4A1.1(c) for a prior misdemeanor that resulted in no jail time).

The court must also reject Fitzgerald's argument that this prior conviction should have been excluded under § 4A1.2(e)(2) of the Sentencing Guidelines, which provides that a conviction which occurred more than ten years before the commencement of the instant offense is not counted. Count One of the criminal information charged that, beginning on a date unknown to the United States Attorney, "but from at least in or about late 2007," Fitzgerald engaged in a racketeering conspiracy. (Docket No. 2 at 1.) Count One further alleged that Fitzgerald engaged in an overt act in furtherance of the conspiracy – namely, the robbery of a suspected drug-trafficker – in or about November 2007. (Id.) Fitzgerald initialed the page of the plea agreement that referred to this overt act in discussing the application of the Sentencing Guidelines. (Docket No. 8 at 3.) Likewise, during the plea hearing, the Assistant United States Attorney made specific reference to this overt act in summarizing the provisions of the plea agreement and the evidence supporting Fitzgerald's pleas of guilty, and Fitzgerald acknowledged that the prosecutor's summary was consistent with his understanding of the plea agreement and the facts of the case. (Docket No. 32 at 13, 18, 42, 54.)

Fitzgerald was convicted of discharging a firearm in a public place on October 15, 1998. Because Fitzgerald's involvement in the instant racketeering conspiracy began no later than November 2007, a fact that Fitzgerald acknowledged as part of his guilty plea, the court concludes that the prior conviction fell within the allowable time frame set forth in § 4A1.2(e), and that it was properly assessed a criminal history point under § 4A1.1(c). Consequently,

Fitzgerald's counsel was not ineffective in failing to object to the inclusion of this prior conviction in the calculation of his criminal history score.

### D. Assault and Battery

Fitzgerald also claims that his attorney should have objected to the assessment of one criminal history point for his 1998 conviction for assault and battery on the basis that it occurred more than ten years prior to the instant offenses. For the reasons set forth above, however, this claim is without merit. Fitzgerald was convicted of the assault and battery charge on November 20, 1998, less than ten years after he admittedly committed an overt act in furtherance of the racketeering conspiracy. Accordingly, the assault and battery conviction was properly assessed a criminal history point under § 4A1.1(c), and counsel was not ineffective in failing to object to this portion of the presentence report.

## II. Leadership Role Enhancement

Fitzgerald's final group of claims relate to the two-level enhancement he received for having a leadership role in the racketeering conspiracy. Fitzgerald claims that counsel was ineffective in failing to advise him that the allegations in the criminal information might subject him to a leadership role enhancement. Fitzgerald also claims that counsel was ineffective in failing to object to the enhancement.

To the extent Fitzgerald's claim of ineffective assistance relates to the validity of his plea of guilty to the conspiracy offense charged in the criminal information, the court concludes that Fitzgerald is unable to satisfy the prejudice prong of the Strickland test.[2] In the context of a

---

[2] While the court has no reason to suspect that counsel's performance fell below an objective standard of reasonableness, the court need not reach this question.

guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); see also Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (explaining that the prejudice prong requires an "objective inquiry" that is "dependent on the likely outcome of a trial had the defendant not pleaded guilty").

In this case, the criminal information specifically alleged that Fitzgerald "was the leader of the Goonz and, in that role, was primarily responsible for planning the robberies and determining which organization members would participate." (Docket No. 2. at 2.) Fitzgerald stipulated in the plea agreement that there was a sufficient factual basis to support this material factual allegation. See Docket No. 8 at 12 ("I willingly stipulate there is a sufficient basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty."). Fitzgerald's leadership role was further substantiated by information provided by co-conspirators and witnesses, which revealed that Fitzgerald recruited individuals into the criminal enterprise, selected the targets of the home invasions, and orchestrated plans to carry out the offenses. While the plea agreement contained no stipulation regarding the applicability of a leadership role enhancement, Fitzgerald expressly acknowledged, both in the plea agreement and during the plea hearing, that "other guideline sections may be applicable to [his] case." (Id. at 5; Docket No. 44-2 at 16).

Upon review of the record, the court concludes that it is unlikely, and certainly not reasonably probable, that Fitzgerald would have declined the government's plea offer and

9

proceeded to trial, if he had been specifically advised that he might be subject to a two-level leadership role enhancement. By waiving indictment and pleading guilty to the criminal information, Fitzgerald received considerable benefits. He avoided indictment on additional federal charges, and was afforded the opportunity to provide substantial assistance to the government that would possibly warrant a motion for downward departure at sentencing. Because Fitzgerald would have likely received a much longer term of incarceration if he had gone to trial, he is unable to demonstrate that a reasonable defendant would have rejected the plea agreement and declined to plead guilty to the criminal information, but for counsel's alleged failure to advise him of the possible application of a leadership role enhancement. This conclusion is further supported by the evidence establishing that Fitzgerald was aware that other guideline sections might apply in his case, in addition to those set forth in the plea agreement, and that he nonetheless entered his pleas of guilty.

The court must also reject Fitzgerald's claim that counsel was ineffective in failing to object to the enhancement. Section 3B1.1(c) of the Sentencing Guidelines states that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity," his offense level should be increased by two levels. In this case, as set forth above, the record contained ample evidence to support the finding that Fitzgerald was a leader and organizer of the racketeering conspiracy. Accordingly, Fitzgerald is unable to show that counsel's failure to object to the enhancement was objectively unreasonable or prejudicial under Strickland.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Fitzgerald's motion to vacate. Additionally, because Fitzgerald has failed to demonstrate

"a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 18th day of March, 2013.

/s/ Glen Conrad
Chief United States District Judge